UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS A. GOMEZ,

    Plaintiff,

v.                                   Case No. 8:24-cv-1047-KKM-NHA

CAPITAL ONE BANK, N.A.,

    Defendant.
_____/

## REPORT AND RECOMENDATION

I recommend Plaintiff Luis A. Gomez's motion to proceed without pre-paying the filing fee (Doc. 5) be denied, and that his petition for a writ of mandamus (Doc. 1) be dismissed, because the Court lacks jurisdiction over this action.

### I.   Background

Plaintiff filed a "Notice of Petition" against Defendant Capital One Bank, N.A., seeking a "non-statutory writ of mandamus to compel the Defendant to release the banking account of the [Plaintiff] under the authority of All Writs Section 28 USC Section 1651." Pet. (Doc. 1), p. 1. Specifically, Plaintiff asks the Court to enjoin Defendant, with whom Plaintiff has a bank account, from restraining Plaintiff's account pursuant to a restraining notice from the New York State Child Support Processing Center, which sought to garnish

$7,956.00 from Plaintiff to satisfy his past-due child support payments. *Id.* at p. 9; Doc. 5-1, p. 6.

Plaintiff, who is not represented by a lawyer, seeks to pursue this action without pre-paying the filing fee. Doc. 5. Before the Court can allow someone to bring an action without prepaying the fee, the Court must determine that the person cannot afford to pay the fee, and that the person's action has a possibility of success. 28 U.S.C. § 1915. The Court was unable to make the former determination based on Plaintiff's initial affidavit of indigency (Doc. 2). Doc. 3. So, the Court ordered Plaintiff to file a new Affidavit of Indigency. *Id.* The Court received Plaintiff's new Affidavit of Indigency on May 21, 2024. Doc. 5. Upon review, I find the revised Affidavit of Indigency establishes that Plaintiff cannot afford to prepay the filing fee and turn to the sufficiency of Plaintiff's "Notice of Petition," filed in lieu of a complaint (Doc. 1).

**II. Standard of Review**

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the

2

public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Finally, independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that subject matter jurisdiction exists. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S.

3

500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

### III. Analysis

The All Writs Act, 28 U.S.C. § 1651, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The All Writs Act does not grant jurisdiction to federal courts to act; rather, it permits federal courts to issue writs in aid of pre-existing, independent matters. *See id.; Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 31-22 (2002). Thus, "a plaintiff cannot sue invoking only the court's All Writs power." *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1070 (11th Cir. 2001), *aff'd sub nom. Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002). Rather, a plaintiff invoking the All Writs Act must point to some "ongoing proceeding, or some past order or judgment" over which the Court has independent jurisdiction, and the "integrity of which is being threatened by someone else's action or behavior." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) ("[A]n All Writs Act injunction is predicated upon some other matter upon which a district court has jurisdiction.").

Here, Plaintiff fails to allege that Defendant is threatening the Court's order in any other proceeding over which this Court has jurisdiction. *See* Petition (Doc. 1). In fact, the only underlying court proceeding referenced in

4

Plaintiff's filings is the "Supreme or Family Court of the State of New York" proceeding in which Plaintiff was ordered to pay child support. *See* Doc. 5-1 at 6. However, Plaintiff fails to allege that Defendant is interfering with that court proceeding and, even if he did, that proceeding is one over which the state court—not federal court—has jurisdiction. Thus, it is not an appropriate object of an injunction under the All Writs Act.

## Conclusion

Because Plaintiff has failed to demonstrate that this Court has jurisdiction over this matter, I **RECOMMEND**:

(1)   Plaintiff's motion to proceed in forma pauperis (Doc. 5) be DENIED; and

(2)   Plaintiff's petition under the All Writs Act (Doc. 1) be DISMISSED.

SUBMITTED for the District Court's consideration on August 5, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal

5

any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.